IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RACHAEL BOLDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CV-04085-RDR |
| | ) | |
| KANSAS BLOOD SERVICE/COMMUNITY | ) | |
| BLOOD CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER FOR
CONFIDENTIAL DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on joint motion of the parties, and for good cause shown, the Court hereby finds that a Protective Order is necessary to protect the confidentiality and proprietary nature of documents, trade secrets, and to protect from disclosure information that would cause unreasonable annoyance, embarrassment, or oppression, and disclosure of which would cause significant public and/or private harm.  The Court hereby issues this Protective Order, and it is accordingly,

ORDERED that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission, and all other information in whatever form produced or given by any person, pursuant to order of this Court or pretrial discovery in this action (hereinafter "Discovery Materials") shall be protected and governed as follows:

1. Any party may designate as confidential any Discovery Materials that are deemed in good faith by that party to embody, reflect, refer to or otherwise disclose (a) trade secrets, (b) information of a confidential or proprietary nature, or (c) information that would cause

1

unreasonable annoyance, embarrassment, or oppression, and disclosure of which would cause significant public and/or private harm:

    a.    documents containing confidential financial information of a party; and

    b.    employment records containing non-public confidential information of individuals who are not a party to this lawsuit.

Any party may designate a document as confidential by either physically marking them as "Confidential" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature. A party may designate deposition testimony as "Confidential" at the beginning of a deposition. Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel.

2. Discovery Materials designated as confidential may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action, (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action after said person has executed and delivered to counsel contemplating the disclosure such person's written acknowledgment, agreement and consent to abide by the terms of this Protective Order, and (c) witnesses, court personnel, court reporters, and members of the jury at any proceedings held in connection with this action.

3. Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided, including family members and friends.

4. If a party wishes to use any Confidential Discovery Materials in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court.

5. Any Confidential Discovery Materials that are filed pursuant to a court order protecting their confidentiality shall be maintained under seal by the Court's clerk with the following designation written on the outside:

### "CONFIDENTIAL"

> Pursuant to Order of this Court on ____ day of _____, 2006, the above-identified papers are not to be opened or the contents thereof displayed or revealed until further order of the Court.

6. Upon termination of this action, including any appeals thereof, all copies of Confidential Discovery Materials shall be returned to the producing party, with the exception of one copy which counsel may retain in his or her litigation file for no longer than five years following termination of this action, including appeals thereof, at which point the Confidential Discovery Materials shall be destroyed.

7. If any party objects to another's designation of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10) working days of its receipt. If the parties cannot resolve their dispute, the objecting party may, upon not less than five (5) working days notice to the designating party, apply to the Court for a ruling on whether the materials shall continue to be treated as confidential under the terms of this Protective Order.

8. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

9. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

10. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

IT IS SO ORDERED, on this 15th day of December, 2006, in Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
UNITED STATES MAGISTRATE JUDGE